**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAY 13 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50243 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-04340-LAB-2 |
| v. | |
| JUAN PABLO JIMENEZ, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted May 7, 2015**
Pasadena, California

Before: PREGERSON, TALLMAN, and NGUYEN, Circuit Judges.

Juan Pablo Jimenez challenges the sufficiency of the evidence to support his

conviction by a jury for conspiracy to distribute marijuana in violation of

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

21 U.S.C. §§ 841(a)(1) and 846.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Viewing the evidence in the light most favorable to the prosecution and resolving any potential conflicts in favor of the jury's verdict, *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Alvarez-Valenzuela*, 231 F.3d 1198, 1201-02 (9th Cir. 2000), we hold sufficient evidence supports the jury's verdict.  A defendant's connection to a conspiracy may be inferred from circumstantial evidence, and coordination between co-conspirators is strong circumstantial proof.  *See United States v. Reed*, 575 F.3d 900, 924 (9th Cir. 2009); *United States v. Herrera-Gonzalez*, 263 F.3d 1092, 1095 (9th Cir. 2001).

Jimenez argues that he was merely present, and only the testimony of his co-conspirator Reyes tends to prove he knowingly participated in the conspiracy.  But a rational juror could have found otherwise.  The timeline of the various agents' discoveries of vehicles along the southern California coast, the GPS data showing Jimenez tracked the movements of the panga boat filled with marijuana, the cell phone call records establishing that Reyes and Jimenez frequently dialed the same two numbers on the night in question, and the cell site tower location data, which generally tracked the movements shown by the GPS data, all corroborate Reyes' testimony of the conspiracy.  Thus, there was more than sufficient evidence from

2

which a rational trier of fact could have found all elements of the conspiracy and Jimenez's connection to it beyond a reasonable doubt—with or without Reyes' testimony.

**AFFIRMED.**